UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:14-cr-83 |
| | ) |
| KASSIM MARSH, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Defendant Kassim Marsh has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing health concerns arising out of the COVID-19 pandemic.  For the reasons set forth below, his motion is denied.

**Factual Background**

In June 2014, Marsh was arraigned on an initial indictment for drug trafficking.  After being released on pretrial supervision, he violated the conditions of his release by continuing to traffic drugs and was subsequently detained.  He received eight disciplinary reports during his pretrial detention.  On August 1, 2016, Marsh pleaded guilty to conspiracy to distribute heroin.  He was sentenced in December 2016 to a 90-month term of imprisonment, followed by four years of supervised release.  In September 2019, the Bureau of Prisons (BOP) released him to a halfway house, but after four disciplinary infractions he was returned to BOP custody at FCI Berlin.

On April 10, 2020, Marsh submitted to the Warden at FCI Berlin a request for compassionate release, citing concerns about

the COVID-19 pandemic.  The Warden denied his request on April 20, 2020.  Marsh submitted his instant motion for compassionate release to the Court *pro se* on May 10, 2020.  His filing has since been supplemented by Court-appointed counsel, who notes that at six-feet tall and 245 pounds, Marsh's body fat index qualifies him as obese.  Counsel also notes that Marsh was a long-time smoker.  Marsh is 29 years old.

## Discussion

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant.  A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  In making this determination, the Court must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id*.

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when the defendant

is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons."  *Id.* cmt. n.1(D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case without deference to the determination made by the BOP.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).

In this case, the Court finds no extraordinary or compelling reasons for granting Marsh's motion for compassionate release.  His initial motion cites the COVID-19 pandemic and the likelihood of disease transmission given the general housing conditions in his prison facility.  Courts have held, however, that "the mere possibility of contracting a communicable disease such as COVID-19 . . . does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." *United States v. Korn*, No. 11-CR-384S, 2020 WL 1808213, at *6–7 (W.D.N.Y. Apr. 9, 2020); *see also United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify

3

compassionate release"); *United States v. Eberhart*, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence"). Counsel has added obesity as a factor for consideration, yet the "bare assertion" of obesity "is insufficient." *United States v. Gage*, No. 1:19 CR 705, 2020 WL 2771741, at *2 (N.D. Ohio May 27, 2020). The Court also notes that Marsh is not elderly, and that despite his smoking history there is no allegation of a related disease.

The Court also finds that other factors weigh against compassionate release. Marsh's criminal history includes leadership in a large-scale heroin trafficking conspiracy. Pre-trial supervision did not prevent him from returning to those unlawful activities. When recently released to a halfway house, Marsh received several incident reports and was ultimately re-incarcerated. Given these facts, the Court cannot conclude that Marsh "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), or that the Section 3553(a) factors, particularly the seriousness of the offense, favor compassionate release. His motion is therefore denied.

## Conclusion

For the reasons set forth above, Marsh's motion for

compassionate release (ECF No. 448), as supplemented by Court-appointed counsel, is denied.

DATED at Burlington, in the District of Vermont, this 15th day of July, 2020.

/s/ William K. Sessions III  
William K. Sessions III  
U.S. District Court Judge